UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LARRY FLENOID, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 2:15-cv-00340-WTL-DKL |
| | ) |
| CHARLES DANIELS, | ) |
| | ) |
| Respondent. | ) |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). For the reasons stated below, this is an appropriate case for summary dismissal because the petition of Larry Flenoid shows on its face that he is not entitled to the relief he seeks.

Flenoid is confined in this District serving the executed portion of sentences imposed by the United States District Court for the Eastern District of Missouri after being found guilty by a jury of being a felon in possession of a firearm and escape. Flenoid was sentenced to life in prison for being a felon in possession and five years for escape, to run concurrent. See *United States v. Flenoid*, 415 F.3d 974 (8th Cir. 2005).

In its Entry of November 23, 2015, the court noted that Flenoid's habeas claim is that the Bureau of Prisons ("BOP") has been improperly collecting a monthly payment toward the restitution obligation imposed as part of his sentence. Flenoid seeks an adjudication that the BOP's action in doing so is illegal.

The IFRP is meant to "encourage[ ] each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. Those financial obligations generally consist of a fine, an order for restitution, and/or a special assessment imposed as part of a criminal judgment. Under the IFRP, prison staff "shall help th[e] inmate develop a financial plan and shall monitor the inmate's progress in meeting" his obligations. 28 C.F.R. § 545.11. Thus, the goal of the IFRP is to achieve compliance with a provision of each convict's criminal judgment—namely the timely payment of whatever sum the court has ordered him to pay. *McGee v. Martinez,* 627 F.3d 933, 936 (3d Cir. 2010).

Case upon case make this point: "The IFRP can be an important part of a prisoner's efforts toward rehabilitation, but strictly speaking, participation in the program is voluntary[;] . . . an inmate in the Bureau of Prisons' custody may lose certain privileges by not participating in the IFRP, but the inmate's participation cannot be compelled." *United States v. Boyd,* 608 F.3d 331, 334 (7th Cir. 2010). The Bureau of Prisons lacks the power to compel participation in the IFRP. Administrators may establish a payment schedule, but a prisoner may choose instead to bear the consequences of not participating. See 28 C.F.R. § 545.11(d); *United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008). Flenoid presents no allegation suggesting that his participation in the IFRP has been compelled by the BOP.

Flenoid has explained his view of how the habeas challenge can be considered proper. He contends that the BOP lacks jurisdiction to implement a method of payment of the fine which was imposed as part of his criminal sentence. By implementing the judgment in a manner not authorized, Flenoid reasons that the BOP has created an "intervening judgment." Armed with an intervening judgment, Flenoid believes that he can challenge the original judgment.

2

"[A]n argument that depends on calling a duck a donkey is not much of an argument." *Gilbert v. United States*, 640 F.3d 1293, 1320 (11th Cir. 2011), *cert. denied,* 132 S. Ct. 1001 (2012). Flenoid's "intervening judgment" theory is such an argument--a complete fabrication. PACER records show that there has been but a single judgment issued in the prosecution. The BOP does not have authority to revise judgments and Flenoid does not suggest that the BOP has explicitly attempted to do so.

Flenoid's habeas petition does not sensibly seek relief which would alter the fact or the anticipated duration of his incarceration. Flenoid's habeas petition challenging the manner in which the IFRP is being applied to the collect the fine imposed as part of his sentence does not render that collection action unlawful in any fashion. *United States v. Sawyer,* 521 F.3d 792, 796 (7th Cir. 2008)("leaving payment during imprisonment to the Inmate Financial Responsibility Program is not an error at all, let alone a plain error. The statute requires the judge to set a schedule if the defendant cannot pay in full at once, see 18 U.S.C. § 3664(f)(2), but it does not say when the schedule must begin. We hold today that it need not, and as a rule should not, begin until after the defendant's release from prison. *Payments until release should be handled through the Inmate Financial Responsibility Program rather than the court's auspices*")(emphasis added). *See also Jordan v. Holt*, 488 F. App'x 587, 588 (3d Cir. 2012)("as we have already pointed out, participation in the IFRP is voluntary. The BOP only 'implements' the IFRP after a prisoner has chosen to participate in it. Jordan cannot be heard to complain about the 'unlawful action of scheduling [his] restitution payments' after he elected participation in the IFRP."); 'unlawful action of scheduling [his] restitution payments' after he elected participation in it."); *Duronio v. Werlinger,* 454 F. App'x 71, 73-74 (3d Cir. 2011) (affirming denial of habeas petition where petitioner alleged BOP

unlawfully modified restitution schedule by finding that petitioner's voluntary participation in the IFRP is determinative as it provides the BOP the authority to collect restitution funds).

Flenoid's petition for writ of habeas corpus shows on its face that he is not entitled to the relief he seeks and that petition is **denied.** The denial of the habeas petition requires that the other pending motions, bearing on preliminary matters, [dkt 8 and dkt 9] also be denied.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 1/7/16

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

LARRY FLENOID #18797-044
TERRE HAUTE U.S. PENITENTIARY
P.O. BOX 33
TERRE HAUTE, IN 47808